```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LASALLE ET AL.                                  CIVIL ACTION

VERSUS                                          NO: 12-2649

PAPPAS ET AL.                                   SECTION: "J"(5)
```

**ORDER**

Before the Court are Defendant Medtronic, Inc.'s **Motion to Dismiss (Rec. Doc. 11)**, Plaintiffs' opposition thereto **(Rec. Doc. 15)**, and Defendant's reply to same **(Rec. Doc. 19)**. Upon reviewing the motion and memoranda of counsel, the record, and the applicable law, this Court finds that Defendant's motion should be **GRANTED** for the reasons set forth below.

Defendant's motion asserts that Plaintiffs' claims against it should be dismissed because they are expressly and impliedly preempted by the federal Food, Drug, and Cosmetic Act ("FDCA") and are conclusory in nature. Plaintiffs' opposition essentially concedes that their claims are preempted;[1] however, they request that this Court grant them time to engage in discovery so that they may plead parallel state law claims against Defendant in good faith. In particular, Plaintiffs note that under the jurisprudence governing the FDCA, there is a narrow window in which a plaintiff

---

[1] "As correctly noted by Medtronic, the Supreme Court in *Riegel v. Medtronic, Inc.* held that under the Medical Device Amendments of 1976 (MDA) state law claims premised on state requirements which differ or add to federal law are preempted as to FDA approved devices." Pls.' Opp., Rec. Doc. 15, p. 1.

can allege violations of state law claims that are premised on a violation of Food and Drug Administration ("FDA") regulations. These claims parallel federal regulations and, therefore, are not preempted. Plaintiffs assert that because Defendant has control over the documents needed to make the proper allegations, the Plaintiff should be granted the opportunity to investigate before having its claims dismissed.

Under Federal Rule of Civil Procedure 12(b)(6), the Court is instructed to dismiss a plaintiff's claims where the complaint fails to state a claim for relief that is plausible on its face. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the United States Supreme Court explained that,

> the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. . . .

Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, *but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions*.

Id. at 678 (internal quotations and citations omitted)(emphasis added).

In the instant case, Plaintiffs' claims against Defendant are not only preempted,[2] but they also fail to meet the aforementioned plausibility standard. See Funk v. Stryker Corp., 631 F.3d 777, 782 (5th Cir. 2011) (affirming a district court's dismissal of plaintiff's complaint for failure to meet the plausibility standard). Plaintiffs' complaint does not specify the manufacturing defect or any causal connection between the defect and the injury.[3]

---

[2] See Riegel v. Medtronic, Inc., 552 U.S. 312, 330 (2008); Buckman v. Pls.' Legal Comm., 531 U.S. 341, 348(2001).

[3] Plaintiffs' complaint merely states that the decedent "experienced episodes of dizziness, shortness of breath, and accelerated heart rate" after the device was placed. Compl., Rec. Doc. 1-2, p. 5. That she "succumbed to heart failure" after "certain adjustments" were made. Compl., Rec. Doc. 1-2, p. 5. And that, her "death was proximately caused by the negligence of Defendant Medtronic,

Furthermore, the complaint does not explain, or even suggest, how the manufacturing process failed or how it deviated from the FDA approved process. Although Plaintiffs seek discovery to be able to allege such information, the Supreme Court has made it clear that without pleading a minimal amount of facts, discovery is foreclosed to Plaintiffs. Accordingly,

**IT IS ORDERED** that Defendant's motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Medtronic's, Inc. are **DISMISSED with prejudice**.

New Orleans, Louisiana this 18th day of March, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

Inc., in the following, non-exclusive particulars." Compl., Rec. Doc. 1-2, p. 5. Plaintiff then goes on to proffer a list of conclusory allegations of negligence. See Compl., Rec. Doc. 1-2, p. 5-6.